UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Rahul Manchanda,<br>    PLAINTIFF, | :<br>: |
| | :     CIVIL ACTION NO.: |
| | :     3:17-CV-127 (VLB) |
| | : |
| v. | : |
| | : |
| Jane Emons, et al.,<br>    DEFENDANTS. | :<br>:     MARCH 1, 2017 |

### MEMORANDUM OF DECISION DISMISSING PLAINTIFF'S COMPLAINT

Plaintiff, Rahul Manchanda ("Manchanda" or "Plaintiff"), proceeding *pro se*, has brought suit against Defendants Jane Emons, Cheryl Weir-Reeves, James Kenefick, Karen Lupuloff, Elizabeth Bozzuto, Clark Richardson, George Daniels, and Joan Madden, all of whom are judges in New York or Connecticut State Courts, and the New York and Connecticut Commissions on Judicial Conduct (collectively, the "Judicial Defendants"), as well as the "NY FBI," "New Haven FBI," "US Attorney SDNY," and "US Attorney New Haven CT." [Dkt. No. 1 at 1.] In addition, Manchanda moved to amend his complaint to add the New York and Connecticut Attorney General's Offices as defendants. [Dkt. No. 14.] Most recently, Manchanda moved to add Wesley Blackman of the New York Child Support Enforcement Unit as a defendant.[1] [Dkt. No. 19.] He claims all Defendants "aided and abetted" in the deprivation of his civil rights under 42 U.S.C. § 1983 and violated the Racketeer Influenced and Corruption Organizations

---

[1] The Court has not addressed the pending Motions to Amend and to Add a Defendant, but considers whether they would raise a cognizable claim in this Memorandum of Decision.

1

Act of 1970, 18 U.S.C. § 1961 ("RICO").  For the reasons stated hereafter, the Plaintiff's action is dismissed *sua sponte*.

## I. Factual Background

Plaintiff asserts he and his ex-wife have been litigating child support and visitation rights for ten years.  [Dkt. No. 1 at 3.]  He alleges the Judicial Defendants, "NY FBI," "New Haven FBI," "US Attorney SDNY," and "US Attorney New Haven CT," as well as their staff, "aided and abetted" his ex-wife in furthering a "criminal conspiracy" to kidnap his two minor children for two years, causing his children "psychological/mental/emotional/physical abuse."  [Dkt. No. 1 at 3.]  Plaintiff asserts the Defendants' conduct was "illegal/unethical/criminal/judicial misconduct."  *Id*.

The litigation appears to have originated in New York Family Court and been transferred to Connecticut Superior Court.  Plaintiff alleges Judge Richardson transferred the child support and visitation actions from New York Family Court to New Haven, Connecticut Superior Court, under Judge Emons, because his ex-wife "packed up and moved to Connecticut to be with her new husband."  [Dkt. No. 1 at 5.]

Plaintiff disputes the transfer to Connecticut, and has moved three times for an order to show cause why venue and jurisdiction in New Haven are proper.  [Dkt. No. 1 at 3.]  Judge Weir-Reeves denied all three motions; Plaintiff does not provide the reasoning for Judge Weir-Reeves' rulings or for his motions.  *Id*.

Plaintiff has also moved to find his ex-wife in contempt.  [Dkt. No. 1 at 3.]  He does not indicate the substance of his motion for contempt other than to

2

characterize his ex-wife's conduct as "criminal."  *Id*.  Judges Emons and Kenefick have each denied such motions for contempt.  *Id*.

Plaintiff also asserts, in his motion to amend his complaint, that the New York and Connecticut Attorney General's Offices "ignored [the] Plaintiff's countless complaints to their offices for the past 10 years, as well as represented many of the listed defendants against the undersigned Plaintiff, and therefore directly contributed to, aided, abetted, facilitated, and made possible [his] ex-wife . . . continuing to illegally forum shop, abuse undersigned's children, kidnap undersigned children, parentally alienate undersigned's children, violate visitation orders, and otherwise operate in open contempt of court."  [Dkt. No. 14 at 1.]

Plaintiff also asserts, in his motion to add an additional defendant, that Wesley Blackman of the New York Child Support Enforcement Unit fabricated child support documents and provided them to Judge Weir-Reeves.  [Dkt. No. 19 at 1.]  He asserts Blackman's actions were "grossly incompetent, negligent, if not purposefully evil."  *Id*.  Plaintiff alleges Blackman's actions, like the actions of the New York and Connecticut Attorney General's Offices, "directly contributed to, aided, abetted, facilitated, and made possible [his] ex-wife . . . continuing to illegally forum shop, abuse undersigned's children, kidnap undersigned children, parentally alienate undersigned's children, violate visitation orders, and otherwise operate in open contempt of court."  *Id*.

Plaintiff also levies general allegations against all Defendants, stating they all assisted his ex-wife in "her illegal forum shopping" in New York and

3

Connecticut for the past ten years, and alleging the Defendants have used the "courts to target and harass Plaintiff . . . because of his status as a Political Dissident." [Dkt. No. 1 at 3.] Plaintiff does not detail why he considers himself a political dissident. Plaintiff also asserts all Defendants have ignored his "countless complaints and requests for investigation/intervention" regarding his child support and visitation disputes, and argues their inaction has "further worsen[ed] the situation." [Dkt. No. 1 at 6.] Plaintiff also alleges there "may have been" an orchestrated effort by all named defendants to ignore his complaints, in "some type of Stasi-like targeted individual *Zersetzung* program . . . targeted government persecution based on undersigned Plaintiff's status as a Political Dissident." *Id.* at 6.

Plaintiff further alleges he has "written to multiple federal, state and local law enforcement and media outlets" seeking relief from litigation with his wife regarding child support and visitation rights which he asserts is "frivolous" an intended to "destroy each and every aspect of [Plaintiff's] life." *Id.* at 4. He wrote a letter to "senior and presiding judges who have handled this matter for the past 10 years," stating if his child support and visitation actions were not dismissed, he would be "forced to bring a federal lawsuit . . . naming [his ex-wife], her attorney, and each and every single judge, law clerk, and court officer involved in this 10 year torturing of me and my children." [Dkt. No. 1 at 6.] The letter went unanswered, and Plaintiff brought the instant action. *Id.*

Plaintiff claims deprivation of his Constitutional rights under 42 U.S.C. § 1983 and violation of the Racketeer Influenced and Corruption Organizations Act

4

of 1970, 18 U.S.C. § 1961 ("RICO"). He seeks "contempt, costs, and sanctions" against them, as well as "$100,000,000 in actual and punitive damages." [Dkt. Nos. 1 at 5; 14 at 2; 19 at 2.]

## II. <u>Analysis</u>

The Court may dismiss *sua sponte* an action filed by a pro se plaintiff proceeding *in forma pauperis* if the Court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2). An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.1998) (citations omitted) (discussing terms as applied in 28 U.S.C. § 1915(e)(2)(B)(1), which requires dismissal of *in forma pauperis* actions that are "frivolous or malicious"). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint. *Id.* at 437.

In addition, the Second Circuit has extended the grant of authority in 28 U.S.C. § 1915 (e)(2) beyond *in forma pauperis* proceedings holding that "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances." *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). The Second Circuit explained that "as

courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Id.* Accordingly, the Court has the authority to *sua sponte* dismiss the instant action even though Plaintiff's motion to proceed *in forma pauperis* is currently pending.

Further, without "pleading factual content [which] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a complaint does not "state a claim to relief that is plausible on its face" as required by Federal Rule of Civil Procedure 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009). "Bare assertions" that, for example, defendants "knew of, condoned, and willfully and maliciously agreed" to violate a plaintiff's civil rights are insufficient to state a plausible claim to relief. *Id.* Such a complaint is accordingly subject to the defense of failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

III. <u>Analysis</u>

Plaintiff's claims must be dismissed for two reasons. First, his complaint fails to allege facts sufficient for the Court to draw a reasonable inference that any of the Defendants are liable for the misconduct alleged: violation of Plaintiff's (unspecified) Constitutional rights under Section 1983 and a criminal enterprise susceptible to suit under RICO.

Plaintiff has failed to state facts indicating each Defendant has committed the elements of his two claims. A RICO claim must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. 18 U.S.C. § 1962;

6

*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 296 (1985) (discussing 18 U.S.C. § 1962).  Racketeering activity is "an act in itself subject to criminal sanction."  *Id.* at 588.  The money derived from the pattern of racketeering activity must be used to "invest in an enterprise, to acquire control of an enterprise through a pattern of racketeering activity, or to conduct an enterprise through a pattern of racketeering activity" to establish liability under RICO.  *Sedima*, 473 U.S. at 296; 18 U.S.C. § 1962.  Plaintiff makes no assertions that the Defendants were involved in activity subject to criminal sanctions and were using the income from that activity in furtherance of an enterprise.

Plaintiff's Section 1983 claim fairs no better.  To establish a claim under Section 1983, a plaintiff must assert (1) a person subjected the plaintiff to conduct that occurred under color of state law, and (2) this conduct deprived the plaintiff of rights, privileges, or immunities guaranteed under federal law or the U.S. Constitution.  42 U.S.C. 1983; *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (discussing 42 U.S.C. 1983).  A State is not a person within the context of Section 1983.  *Will*, 491 U.S. at 64.  Plaintiff makes no assertions that Defendant persons have deprived him of any particular rights protected by federal law or the Constitution.

In fact, Plaintiff alleges *no* specific acts by Judges Lupuloff, Bozzuto, Daniels, or Madden, the "NY FBI," "New Haven FBI," "US Attorney SDNY," or "US Attorney New Haven CT," let alone facts that state a plausible claim to relief.  *Iqbal*, 556 U.S. at 683.  Plaintiff also alleges only vague allegations that the New York and Connecticut Attorney General's Offices ignored his many complaints

and have represented other named Defendants over the past ten years, but fails to assert factual content from which the Court could conclude those actions violated Plaintiff's rights or contributed to a criminal enterprise.  *Id.*

In addition, while Plaintiff does allege specific actions by Judges Emons, Weir-Reeves, Kenefick, Richardson, and New York Child Support Enforcement Unit member Wesley Blackman, the actions alleged do not allow the Court to draw a reasonable inference that they are liable for the claims alleged.  Plaintiff has not raised facts from which the Court could conclude the Judicial Defendants' failure to grant his motions for contempt and to show cause violated any of his constitutional rights or evidenced that the Defendants are part of a criminal enterprise.  Nor can the Court conclude that Blackman's alleged presentation of fabricated child support documents to Judge Weir-Reeves impacted Plaintiff's civil rights under color of state law or contributed to a criminal enterprise.

Plaintiff's blanket assertions that all Defendants "aided and abetted" his ex-wife's allegedly criminal conduct and are involved in a "Stasi-like targeted individual *Zersetzung* program . . . targeted government persecution based on undersigned Plaintiff's status as a Political Dissident," are exactly the type of "bare assertions" the Supreme Court has found insufficient to survive dismissal.  *Id.*; Dkt. No. 1 at 6.  Such allegations, with no factual support, are "clearly baseless" and subject to *sua sponte* dismissal.

In addition, even if Plaintiff stated cognizable claims, each judicial defendant sued in his or her official capacity and every state entity is immune

from suit under the Eleventh Amendment, which "bars a damages action against a State in federal court" and "remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Neither RICO nor Section 1983 overrides that immunity. *See Id.* at 169 n.17 (stating Section 1983 "was not intended to abrogate a State's Eleventh Amendment immunity"); *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 391 (E.D.N.Y. 2013) (holding RICO does not abrogate a State's Eleventh Amendment immunity). The Connecticut and New York Judicial Review Councils enjoy Eleventh Amendment immunity (*Kamasinski v. Judicial Review Council*, 797 F. Supp. 1083, 1088 (D. Conn. 1992)), as do the New York and Connecticut Attorney General's Offices (*Levy v. Cohen*, 439 F. App'x 30, 32 (2d Cir. 2011)).

The Defendant Judges also have absolute immunity from suit in their individual capacities, as all allegations against them arise out of their actions performed within their judicial capacities (for example, failure to grant Plaintiff's motions to hold his ex-wife in contempt). *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *Patterson v. Rogers*, 708 F. Supp. 2d 225, 234 (D. Conn. 2010).

Accordingly, the Court must also dismiss Plaintiff's claims against the Judicial Defendants and the New York and Connecticut Attorney General's Offices as barred by the Eleventh Amendment and judicial immunity.

For the foregoing reasons, the Plaintiff's Complaint is dismissed without prejudice to filing a cognizable claim against individuals not immune from suit within 21 days of the date of this Order.  The Clerk is directed to close the file.

**IT IS SO ORDERED.**

　　　　　　**/s/**
**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: March 1, 2017**